**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ADRIAN CARLOS FARRIS, | |
| Petitioner, | |
| v. | Civil Action No. TDC-20-2874 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |
| ADRIAN CARLOS FARRIS, | |
| Petitioner, | |
| v. | Civil Action No. TDC-21-0211 |
| WARDEN, | |
| Respondent. | |

**MEMORANDUM OPINION**

In these consolidated cases, Petitioner Adrian Carlos Farris, a prisoner confined at the Federal Correctional Institution Cumberland ("FCI-Cumberland") in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons ("BOP") has improperly failed to credit certain time served in state custody toward his federal sentence. Upon review of the submitted materials, the Court finds that no hearing is necessary. For the reasons set forth below, the Petition will be DENIED.

## BACKGROUND

### I.    Convictions and Sentences

Prior to April 25, 2015, Farris engaged in a conspiracy to distribute oxycodone in locations that included Roanoke, Virginia and Blacksburg, Virginia. On May 26, 2015, Farris was arrested in La Plata, Maryland and charged in the Circuit Court for Charles County, Maryland with Possession with Intent to Distribute Oxycodone based on conduct occurring in Waldorf, Maryland in 2012. On September 22, 2015, after he was convicted on that state charge, Farris was sentenced to 10 years of imprisonment.

On May 4, 2017, Farris was indicted in the United States District Court for the Western District of Virginia on federal drug charges relating to the drug conspiracy in Virginia. As a result of that federal indictment, on June 28, 2017, Farris was transferred from Maryland state custody to the Western District of Virginia and remained there during the pendency of the federal case. In that court, Farris was convicted of Conspiracy to Distribute Oxycodone, 21 U.S.C. § 846 (2018), and was sentenced on July 2, 2018 to 96 months of imprisonment, with 60 months to run concurrently with Farris's 10-year Maryland state sentence, to be served in a state facility. The remaining 36 months was to be served consecutively to the state sentence.

On July 30, 2018, Farris was transferred back to Maryland state custody to serve his 10-year state sentence. A federal detainer was filed based on the federal conviction and sentence. On October 10, 2018, Farris received parole on his 10-year Maryland state sentence. Farris was then transferred to the custody of Prince George's County, Maryland based on a fugitive warrant issued by Virginia state authorities. On October 16, 2018, Farris was extradited to Virginia and placed in state custody to answer to a warrant for a violation in the Circuit Court for Alexandria, Virginia.

2

On November 20, 2018, the Virginia state court sentenced Farris to serve the balance of a prior suspended sentence, with all but six months suspended. He served this six-month term and was erroneously released from state custody to the community on March 24, 2019. On May 10, 2019, Farris surrendered to the custody of the United States Marshals Service ("USMS") to continue to serve the 96-month federal sentence imposed in the Western District of Virginia.

## II.    BOP Credits

Of the overall period from May 26, 2015 to May 10, 2019, BOP has already granted, or agreed to grant, credit to Farris toward his federal sentence for the following time periods.

BOP has granted Farris credit for the period from May 26, 2015, when he was arrested on the Maryland state charges, until September 21, 2015, the day before he was sentenced on his Maryland state conviction for Possession with Intent to Distribute Oxycodone, pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), in which the court ordered that a defendant with concurrent state and federal sentences be considered for credit for time spent in non-federal, pre-sentence custody after his federal offense occurred but before he was sentenced on the state charge. *Id.* at 925. The BOP has implemented *Willis* through BOP Program Statement 5880.28 ("PS 5880.28"), which provides that credit may be granted for "[t]ime spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal" under certain circumstances, including when the state and federal sentences are concurrent and the "expiration full term" date for the federal sentence is later than that of the state sentence. PS 5880.28. Farris qualifies for credit for this time period because he committed the federal offense on or before April 25, 2015, he was arrested and detained in state custody after that date, on May 26, 2015, and he remained there until his state sentence was imposed on September 22, 2015.

3

Pursuant to an April 20, 2020 order of the United States District Court for the Western District of Virginia, Farris has received credit toward his federal sentence for the time he spent in federal custody while the federal charges were pending, from June 28, 2017 until his sentencing on July 2, 2018.

It is undisputed that the time period from July 2, 2018 to October 10, 2018, during which Farris was serving both his federal and state sentences simultaneously and they were running concurrently, has been credited toward his federal sentence, including during the period from July 30, 2018 to October 10, 2018 when he was in state custody.

BOP has determined that the portion of Farris's federal sentence that was designated to run concurrently to his Maryland state sentence continued to run while he was in the custody of Prince George's County awaiting extradition to Virginia from October 10, 2018 to October 16, 2018; while he was in Virginia state custody awaiting the resolution of his violation of probation from October 16, 2018 to November 20, 2018; and while he was in Virginia state custody serving the six-month sentence for that violation from November 20, 2018 to March 24, 2019. Thus, Farris has received credit for the time period from October 10, 2018 to March 24, 2019.

## DISCUSSION

The Attorney General, through the BOP, has the authority to calculate a federal prisoner's period of incarceration, including determining when a sentence begins and whether the prisoner shall receive credit for time previously served. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Montez-Gaviria*, 163 F3d 700–01 (2d Cir. 1998). A prisoner may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in order to challenge the calculation or execution of the sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*); *United States v. Little*, 392 F.3d 671, 679–80 (4th Cir. 2004) (stating that a claim that a

prisoner was improperly denied a sentencing credit was properly asserted in a § 2241 petition because it related to the execution of the sentence).

Farris's Petition consists of a series of letters sent to the United States District Court for the Western District of Virginia, which has since transferred the Petition to this Court. Farris first argues that he is entitled to credit against his federal sentence for the time period from May 26, 2015 to June 28, 2017, during which he was in state custody before and during his state sentence imposed by the Circuit Court for Charles County, because the federal sentence imposed by the Western District of Virginia was made partially concurrent with that state sentence.

Farris also argues that he is entitled to credit against his federal sentence for the time period from October 10, 2018 to May 9, 2019, consisting of the period from his release on parole from Maryland state custody until he self-surrendered to the USMS after he was erroneously released upon the completion of his Virginia sentence for a probation violation. He argues that upon his parole, he should have been transferred to federal custody to continue to serve his federal sentence, but he was instead transferred to Virginia and then remained in state custody until he was released to the community on March 24, 2019. Accordingly, Farris contends that where the "Federal courts" were negligent in failing to lodge a detainer so as to return him to federal custody, he should receive credit for this entire time period. Pet. at 5, ECF No. 1.

Although Farris, in other filings, has adjusted the time period for which he requests credit against his federal sentence, such as a request for credit for September 22, 2015 to July 2, 2018, and a separate request for credit for May 26, 2015 to July 2, 2018, as discussed above, the BOP has already granted him credit for all time periods referenced by Farris except for September 22, 2015 to June 28, 2017 and March 25, 2019 to May 9, 2019. The Court will therefore address those time periods only.

5

**I.      September 22, 2015 to June 28, 2017**

Farris argues that he should receive credit toward his federal sentence for this time period, during which he was in state custody on the Maryland state conviction, because his federal sentence was ordered to run concurrently with the state sentence for a period of 60 months. He argues that the federal court effectively ordered the sentence to run "retroactively concurrent," Pet. at 12, and he cites United States Sentencing Guideline ("U.S.S.G.") § 5G1.3(b)(1), which states that when a defendant has a term of imprisonment resulting from another offense that is relevant conduct for the offense of conviction, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Farris's 96-month federal sentence commenced on July 2, 2018, the date it was imposed. Thus, even though the federal sentence was to run concurrently in part, it did not begin to do so until that date, because a "federal sentence cannot commence prior to the date it is pronounced, *even if made concurrent with a sentence already being served.*" *Barnes v. Masters*, 733 F. App'x 93, 96 (4th Cir. 2018) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).

In *Barnes*, the United States Court of Appeals for the Fourth Circuit addressed the precise situation presented here. *See id.* The defendant committed both a state and a federal offense before he was arrested and held in state custody, he was sentenced on the state charge first, and the federal sentence was imposed to run concurrently with the state sentence. *Id.* at 94–95. The BOP credited

6

the defendant, pursuant to *Willis*, for the time spent in state custody before the state sentence was imposed, but it did not credit the defendant for the time between the imposition of the state and federal sentences. *Id.* at 95. The Fourth Circuit held that even upon consideration of U.S.S.G. § 5G1.3, a concurrent sentence imposed after a defendant had already begun a different, undischarged sentence cannot be "fully retroactively concurrent" such that the new sentence is deemed to have started before the sentence was imposed. *Id.* at 96. U.S.S.G. § 5G1.3 effectively recognizes this principle, as reflected by the fact that it allows a sentencing court to "run concurrently the remainder of [an] undischarged term of imprisonment" but "adjust the sentence" to account for "any period of imprisonment already served on the undischarged term of imprisonment" that "will not be credited to the federal sentence." U.S.S.G. § 5G1.3(b). If, as Farris argues, a concurrent sentence could be "fully retroactively concurrent" so as to start on the same date as an undischarged sentence, "there would be no need" for the kind of adjustment authorized by U.S.S.G. § 5G1.3(b). *Barnes*, 733 F. App'x at 97.

Under almost identical facts, Farris's federal sentence cannot be backdated to start, and thus run concurrently with the state sentence, beginning on September 22, 2015, when the state sentence was imposed. *See id.* Though the Western District of Virginia could have applied U.S.S.G. § 5G1.3(b) to adjust Farris's sentence downward to compensate for the inability for the concurrent sentence to include the time period between the imposition of the two sentences, it did not do so. Thus, the concurrent nature of the federal sentence does not warrant granting credit to Farris for the time period from September 22, 2015 to June 28, 2017.

Further, there is no other basis upon which to give Farris credit for this time period. Credit for pretrial or presentence detention is governed by 18 U.S.C. § 3585:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). Here, although Farris's incarceration during the relevant time period was as a result of a state charge for which Farris was arrested after the commission of his federal offense, *see id.* § 3585(b)(2), that time period was "credited against another sentence"—specifically, the state sentence—and thus cannot be separately credited against the federal sentence. 18 U.S.C. § 3585; *Barnes*, 733 F. App'x at 98. The Petition will therefore be denied as to the time period from September 22, 2015 to June 28, 2017.

## II. March 25, 2019 to May 9, 2019

Farris may not receive credit for the period of time from March 25, 2019, the date he was erroneously released into the community after serving a six-month term of imprisonment on a Virginia state violation of probation, and May 9, 2019, the day before he self-surrendered to the USMS to continue serving his federal sentence. Farris acknowledges that he was released from custody on March 24, 2019 and that he was not incarcerated in either a state or federal facility during this time period. Farris's claim that he should receive credit for the time because federal authorities were negligent in failing to lodge a federal detainer lacks any legal basis. Even if a detainer was not lodged with the Virginia facility, credit toward a federal sentence requires that a defendant was "in official detention" during the time period in question. *See* 18 U.S.C. § 3585(b). The Court rejects the claim that Farris should receive credit for time when he was not actually incarcerated.

8

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, applicable to a § 2241 petition for a writ of habeas corpus pursuant to Rule 1, provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, Farris must receive a certificate of appealability before an appeal may proceed.  28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue if the prisoner has made a "substantial showing  of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects a claim on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Farris's claims are dismissed on the merits, and, upon review of the record, this Court finds that he has not made the requisite showing.  The Court therefore declines to issue a certificate of appealability.  Patrick may still request that the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

As discussed above, the BOP has already agreed that Farris is entitled to credit toward his federal sentence for the time periods from May 26, 2015 to September 21, 2015 and from June 28, 2017 to March 24, 2019. To the extent such credits have not yet been entered, the Court will direct the BOP to do so. For the foregoing reasons, the Petition, construed as seeking credit for the time periods from September 22, 2015 to June 28, 2017 and from March 25, 2019 to May 9, 2019, will be DENIED.

Date:  September 9, 2021

THEODORE D. CHUANG
United States District Judge

10